**Silas ARRIOLA–PACHECO,**
**Petitioner—Appellant,**

v.

**John ASHCROFT, Attorney General, Attorney General of the United States; et al., Respondents—Appellees.**

No. 04–35531.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2005.*

Decided Jan. 19, 2005.

Manuel F. Rios, III, Esq., Seattle, WA, for Petitioner–Appellant.

Rosaura D. Rodriguez, Christopher Lee Pickrell, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondents–Appellees.

Before: SCHROEDER, Chief Judge, and GOODWIN and GRABER, Circuit Judges.

MEMORANDUM **

Silas Arriola–Pacheco ("petitioner") appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. He argues that the district court erred when it concluded that the immigration judge ("IJ") properly classified his drug conviction as a "particularly serious crime" under 8 U.S.C. § 1231(b)(3). Exercising a *de*

novo review, *Taniguchi v. Schultz,* 303 F.3d 950, 955 (9th Cir.2002), we affirm.

This court lacks jurisdiction to review the IJ's "particularly serious crime" determination. *See Singh v. Ashcroft,* 351 F.3d 435, 438 (9th Cir.2003). The jurisdiction-stripping provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 8 U.S.C. § 1252(a)(2)(B)(ii), applies in this context. Although a petitioner may bring a habeas petition which alleges a constitutional or statutory error, habeas review is not available where one argues, as did petitioner, that an IJ "simply came to an unwise, yet lawful, conclusion when it did exercise its discretion." *See Singh,* 351 F.3d at 439. The IJ reasonably applied the immigration statute as well as *In re Y–L,* 23 I. & N. Dec. 270 (BIA 2002), *disagreed with on other grounds by Zheng v. Ashcroft,* 332 F.3d 1186, 1196 (9th Cir.2003), to conclude that petitioner's drug conviction was a "particularly serious crime." We do not have jurisdiction to review this discretionary determination.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.